**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

___

In re: ENRIQUE V. GREENBERG

Debtor

BAP No. SC-16-1350-BJuF

------------------------------

ENRIQUE V. GREENBERG

Bankr. No. 3:15-bk-06578
Chapter 11

Appellant

v.

UST- UNITED STATES TRUSTEE, SAN DIEGO

November 27, 2017

Appellee

___

**PROOF OF SERVICE OF MANDATE**

A certified copy of the attached judgment was sent to:

CLERK

U.S. BANKRUPTCY COURT

BkCt, San Diego
U.S. Bankruptcy Court
Jacob Weinberger United States Courthouse
325 West F Street
San Diego, CA 92101-6998

Honorable Margaret M. Mann
U.S. Bankruptcy Court
Jacob Weinberger United States Courthouse
325 West F Street
San Diego, CA 92101-6998

on November 27, 2017
By: Cecil Lizandro Silva, Deputy Clerk

**FILED**

**AUG 31 2017**

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re: ENRIQUE V. GREENBERG

Debtor

BAP No. SC-16-1350-BJuF

----------

ENRIQUE V. GREENBERG

Bankr. No. 3:15-bk-06578
Chapter 11

Appellant

v.

UST- UNITED STATES TRUSTEE, SAN DIEGO

Appellee

## JUDGMENT

ON APPEAL from the United States Bankruptcy Court for California Southern - San Diego.

THIS CAUSE came on to be heard on the record and the briefs of the parties.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is **AFFIRMED.**

### FOR THE PANEL,

Susan M Spraul
Clerk of Court

By: Vicky Jackson-Walker, Deputy Clerk

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:
Susan M. Spraul, Clerk
by Deputy Clerk

FILED

AUG 31 2017

**NOT FOR PUBLICATION**

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. SC-16-1350-BJuF |
| ENRIQUE V. GREENBERG, | Bk. No. 3:15-bk-06578-MM |
| Debtor. | |
| ENRIQUE V. GREENBERG, | |
| Appellant, | |
| v. | **CORRECTED MEMORANDUM**[1] |
| UNITED STATES TRUSTEE, | |
| Appellee. | |

Submitted Without Oral Argument on July 27, 2017

Filed - August 31, 2017

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Margaret M. Mann, Bankruptcy Judge, Presiding

Appearances: Appellant Enrique V. Greenberg, pro se, on brief; Ramona D. Elliott, P. Matthew Sutko and John Postulka of the Executive Office for United States Trustee and Tiffany Carroll and Terri H. Didion of Office of the United States Trustee on brief for appellee United States Trustee.

Before: BRAND, JURY and FARIS, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Chapter 11[2] debtor Enrique Greenberg ("Debtor") appeals an order dismissing his bankruptcy case under § 1112(b)(1) for bad faith. The bankruptcy court determined that Debtor had filed his case and plan solely with a litigation objective and not to reorganize. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Events prior to the instant bankruptcy case

Debtor's mother owned real property in Temecula, California ("Property"). In 2008, she entered into a reverse mortgage loan agreement with Countrywide Bank and executed deeds of trust in favor of Countrywide and the U.S. Department of Housing and Urban Development that purported to encumber the Property. The deeds of trust, however, inaccurately described the Property; the legal description misidentified the Property as Lot 35 instead of Lot 36.

Debtor inherited the Property (subject to the debt) after his mother's death in 2010.[3] Debtor does not live, and has never lived, in the Property. After Debtor failed to make the required payments on the loan, which then totaled approximately $220,000, foreclosure proceedings were commenced on the Property. In response, Debtor filed a wrongful foreclosure action. When that

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] In April 1999, Debtor's mother executed a grant deed for the Property in favor of Debtor, but for reasons unknown it was not recorded until September 2011.

-2-

failed, he filed his first bankruptcy case under chapter 13.[4] That case was dismissed less than two months after it was filed.

A week after the chapter 13 case was dismissed, Debtor filed a second bankruptcy case under chapter 7. The case was assigned to Judge Mann. Debtor received a chapter 7 discharge on May 13, 2014.[5]

In the second bankruptcy case, the chapter 7 trustee discovered the defective deeds of trust and filed an adversary proceeding against U.S. Bank to avoid the liens. The trustee alleged that the defective trust deeds were ineffective to encumber the Property. After a hotly contested proceeding and substantial negotiation, the chapter 7 trustee and U.S. Bank agreed to settle the dispute. U.S. Bank paid the trustee $58,000. In exchange, the trust deeds would be reformed to perfect a lien on the Property. The parties also exchanged mutual releases, eliminating any claims against the chapter 7 estate, and the chapter 7 trustee agreed to dismiss the adversary proceeding with prejudice and abandon the estate's interest in the Property. Debtor opposed the settlement, contending that the lien should be voided, resulting in the debt owed to U.S. Bank being unsecured. The bankruptcy court approved the settlement; Debtor did not

---

[4] Debtor filed his first bankruptcy case in the Central District of California. His subsequent three cases were filed in the Southern District of California.

[5] During the state court litigation and Debtor's first two bankruptcy filings, Bank of America acquired Countrywide and became the successor-in-interest to the deed of trust. Bank of America later assigned its interest in the Property to Champion Mortgage Company; Champion subsequently assigned its interest to U.S. Bank. For ease of reference, we refer to these four parties collectively as U.S. Bank.

-3-

appeal the order.

Less than one week after the settlement between the chapter 7 trustee and U.S. Bank, Debtor filed a third bankruptcy case, this time under chapter 11. This case was also assigned to Judge Mann. The chapter 7 trustee from the prior case, which was still pending, moved to dismiss the third case, arguing that the filing was an attempt to circumvent the settlement and therefore was an abuse of the bankruptcy process. The bankruptcy court granted the motion and dismissed the case without prejudice, finding that any attempt to restructure the secured debt in the chapter 11 case was futile until the settlement closed and the Property was abandoned back to Debtor subject to the secured claims. The court declined to find that Debtor had filed the case in bad faith.

**B.    Debtor's instant bankruptcy case**

After the chapter 7 trustee abandoned the estate's interest in the Property in the second bankruptcy case, Debtor filed the instant chapter 11 case, his fourth bankruptcy case in two years. This case was also assigned to Judge Mann. Debtor listed the Property in his Schedule A, valuing it at $445,100 and contending it was not subject to any secured claims. Debtor listed U.S. Bank in his Schedule D, but indicated its claim against the Property was wholly unsecured. Debtor listed no unsecured debt in his Schedule F. Debtor later filed an amended Schedule D, asserting that U.S. Bank held a secured claim against the Property for $1.00.

Debtor then filed a proof of claim on behalf of U.S. Bank and proceeded to file his objection to the claim. Debtor argued that U.S. Bank had failed to establish that it had standing to file the

-4-

proof of claim based on its party-in-interest or ownership status in the mortgage note. U.S. Bank moved to withdraw the claim and indicated its desire to litigate any disputes over the claim in state court. Ultimately, the bankruptcy court deemed the claim withdrawn without prejudice.

### 1. U.S. Bank's motion for relief from stay

U.S. Bank moved for relief from the automatic stay in order to file an action in state court to reform the trust deeds to identify the correct legal description for the Property. In support of the motion, U.S. Bank included a declaration from Jeffrey Jefferson, an employee of Champion, the servicer of the loan. Jefferson stated that the mortgage note was being held by Recon Trust Company as Custodian of Records for Champion. Attached to the Jefferson declaration were copies of: (1) the mortgage note executed by Debtor's mother for the reverse mortgage loan; (2) the assignment of the deed of trust from Bank of America to Champion; (3) the assignment of the deed of trust from Champion to U.S. Bank; and (4) the 1999 grant deed from Debtor's mother to Debtor.

Debtor opposed the stay relief motion, contesting U.S. Bank's standing to enforce the note or foreclose on the Property. In short, Debtor contended that U.S. Bank had not sufficiently established that it possessed the mortgage note.

In its tentative ruling, the bankruptcy court noted that Debtor had yet to file a chapter 11 plan and that the exclusivity period had expired long ago. In addition, the only claims filed by the deadline were one for Debtor's car loan, which was current, and the one he filed for U.S. Bank and then objected to. Although

1  Debtor still had time to file his plan, the court questioned the
2  legitimacy of his case; U.S. Bank was the only creditor, and
3  Debtor did not seek to reorganize its claim but merely eliminate
4  it through a claim objection.  Furthermore, U.S. Bank did not wish
5  to assert any claim in Debtor's case and wanted to resolve the
6  parties' lien dispute in state court.
7       Overruling Debtor's standing argument and tentatively
8  granting U.S. Bank's motion, the bankruptcy court opined that
9  Debtor was not using the case to accomplish any legitimate
10 bankruptcy purpose to restructure his debts, but instead sought
11 merely to eliminate U.S. Bank's claims against the Property which
12 were settled, at least in part, during his prior chapter 7 case.
13 In short, Debtor's goal was not a proper bankruptcy goal.
14      At the hearing, after considering the parties' arguments, the
15 bankruptcy court sustained its tentative ruling granting stay
16 relief to U.S. Bank.  The court noted that it was not deciding
17 whether the endorsement on the mortgage note was proper or whether
18 the loan was properly securitized; that was for the state court to
19 decide.
20      Notably, the court again expressed its concerns about the
21 legitimacy of Debtor's case; all he wished to do was litigate
22 U.S. Bank's claim, not reorganize it.  Specifically, the court
23 opined that the case should be dismissed as premature.  Until the
24 parties' claims in state court had been decided, it was unknown
25 whether the debt to U.S. Bank, if any, needed to be restructured.
26 Without a claim from U.S. Bank, which had yet to be determined,
27 the court told Debtor that he had no possibility of confirming a
28 plan.  Although Debtor's case appeared to have no bankruptcy

-6-

purpose, the court again declined to find that it had been filed in bad faith.

The order granting U.S. Bank's stay relief motion provided that the automatic stay was terminated "to allow litigation to proceed in state court against Debtor or any other party to determine U.S. Bank's rights in the [Property]" and that "absent further order of this Court, U.S. Bank may not proceed to execute any judgment obtained in state court regarding any interest U.S. Bank may have in the Property." Thereafter, Debtor filed a motion for reconsideration of the stay relief order, which the bankruptcy court denied.

Ultimately, Debtor's appeal of the stay relief order was dismissed as moot on January 31, 2017, because his underlying bankruptcy case had been dismissed. Debtor's appeal of the Panel's dismissal to the Ninth Circuit Court of Appeals was dismissed for failure to pay the filing fee.

**2.  Debtor's chapter 11 plan**

Meanwhile, Debtor filed his proposed chapter 11 plan and disclosure statement, which purported to pay U.S. Bank $1.00 for its (alleged) secured claim of approximately $235,829.87.

Prior to the plan hearing, the bankruptcy court issued a tentative ruling disapproving the plan because it failed to pay anything to creditors in violation of § 1123(a)(3). The court also found that Debtor's bankruptcy case had only a litigation objective and a desire to retain his property; therefore, Debtor's plan had not been filed in good faith.

No party presented argument at the plan hearing. The bankruptcy court sustained its tentative ruling and disapproved

-7-

Debtor's chapter 11 plan. The U.S. Trustee ("UST") announced it was moving to dismiss Debtor's case and set a hearing date. The court informed Debtor that he could file another chapter 11 plan in response to the UST's motion to dismiss. No additional plans were filed.

### 3. UST's motion to dismiss

In its motion to dismiss Debtor's case under § 1112(b)(1), the UST contended that "cause" existed to dismiss because the court had disapproved Debtor's plan, finding that it had not been filed in good faith, and had found that Debtor filed his case solely with a litigation objective and not to repay creditors. The UST contended that conversion was not appropriate because Debtor's schedules listed no unsecured debt and he was ineligible to receive a chapter 7 discharge, having received one less than three years earlier.

Debtor opposed the motion to dismiss, arguing that his case had been filed in good faith. Debtor stated that his "intent in filing his first proposed plan payment of $1.00 should be construed as an effort to move creditors to providing evidence as to the validity and extent of their lien, and the exact amount." Debtor also disputed the Jefferson declaration offered in support of U.S. Bank's stay relief motion. Debtor argued that "without adjudication of his appeal (of the stay relief order) pending on the question of standing and claims objections, dismissal of his bankruptcy case would be both premature and a manifest injustice." Finally, Debtor argued that he still had time to file another plan, so no "cause" existed to dismiss his case.

Prior to the hearing, the bankruptcy court issued a tentative

-8-

ruling granting the UST's motion, finding that "cause" existed to dismiss Debtor's case. First, the court found that Debtor's chapter 11 plan lacked any repayment for his creditors, offering only a nominal $1.00 to U.S. Bank, and was not a good faith plan. Second, Debtor admitted that his intent behind proposing a $1.00 payment was to motivate his creditors to furnish more evidence as to the validity of the loan, which evidenced that Debtor's case was filed with an improper litigation objective. Therefore, based on the totality of the circumstances, the court found that Debtor's case had not been filed in good faith and should be dismissed.

At the dismissal hearing, the bankruptcy court sustained its tentative ruling and reiterated that it was finding bad faith as to Debtor's chapter 11 plan and to his case filing. These bad faith findings were both independent grounds for the court's ruling to dismiss for cause. The court further noted that dismissal was the proper outcome, because there were no creditors to pay in a converted case. This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court abuse its discretion in dismissing Debtor's chapter 11 case for bad faith?

## IV. STANDARDS OF REVIEW

"We review for abuse of discretion the bankruptcy court's decision to dismiss a case as a 'bad faith' filing. We review the finding of 'bad faith' for clear error." <u>Marsch v. Marsch</u>

-9-

(In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994) (citing Stolrow v. Stolrow's, Inc. (In re Stolrow's, Inc.), 84 B.R. 167, 170 (9th Cir. BAP 1988)). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible, or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**A. The bankruptcy court did not abuse its discretion in dismissing Debtor's chapter 11 case for bad faith.**

Section 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." § 1112(b)(1). The Ninth Circuit has held that a lack of good faith in filing a chapter 11 petition establishes "cause" for dismissal under § 1112(b). In re Marsch, 36 F.3d at 828. "'The existence of good faith depends on an amalgam of factors and not upon a specific fact.'" Id. (quoting Idaho Dep't of Lands v. Arnold (In re Arnold), 806 F.2d 937, 939 (9th Cir. 1986)).

On a motion to dismiss under § 1112(b), the debtor bears the burden to prove the chapter 11 petition was filed in good faith. Marshall v. Marshall (In re Marshall), 721 F.3d 1032, 1048 (9th Cir. 2013) (citing Soto v. Leavitt (In re Leavitt), 209 B.R. 935, 940 (9th Cir. BAP 1997)). In seeking to determine whether the petition was filed in good faith, the debtor's "subjective intent" is not determinative. In re Marsch, 36 F.3d at 828. Rather, the good faith inquiry focuses on the manifest purpose of the petition filing and whether the debtor is seeking to achieve thereby

-10-

"objectives outside the legitimate scope of the bankruptcy laws." Id. Put another way, the good faith standard requires the bankruptcy court to ascertain "whether [the] debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." Id. (citing In re Arnold, 806 F.2d at 939).

We have long said that the bankruptcy court must consider the totality of the circumstances when determining whether the debtor acted in bad faith. Meadowbrook Inv'rs Grp. v. Thirtieth Place, Inc. (In re Thirtieth Place, Inc.), 30 B.R. 503, 505 (9th Cir. BAP 1983) (finding of bad faith "require[s] an examination of all the particular facts and circumstances in each case"). Debtor contends the court erred by dismissing his case based on only one factor — that his proposed chapter 11 plan offered to pay U.S. Bank $1.00.[6]

Courts have developed helpful lists of circumstantial factors that might indicate bad faith. The bankruptcy court does not need to consider all of the factors, nor does it have to weigh them equally. A bankruptcy court may find one factor dispositive or may find bad faith even if none of the factors are present. Mahmood v. Khatib (In re Mahmood), CC-16-1210-TaFC, 2017 WL 1032569, at *4 (9th Cir. BAP Mar. 17, 2017).

In St. Paul Self Storage Ltd. Partnership v. Port Authority of St. Paul (In re St. Paul Self Storage Ltd. Partnership),

---

[6] Debtor contends that his $1.00 payment offer was reasonable given that U.S. Bank failed to establish that it held the mortgage note or the amount owed. U.S. Bank's standing was the subject of the order granting stay relief and a prior appeal, which has since been dismissed. Therefore, this issue is not properly before us and we do not consider it.

-11-

185 B.R. 580, 582-83 (9th Cir. BAP 1995), we set forth a list of factors that might indicate whether a chapter 11 case has been filed in bad faith for purposes of dismissal under § 1112(b):

1. the debtor has only one asset;
2. the debtor has an ongoing business to reorganize;
3. there are any unsecured creditors;
4. the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and
5. the case is essentially a two-party dispute capable of prompt adjudication in state court.

We have also utilized a more expansive list of factors. See, e.g., In re Stolrow's, Inc., 84 B.R. at 171 (considering eight factors, including the factor that debtor has only one asset and that the secured creditor's lien encumbers that asset).

Although the bankruptcy court did not cite a list of factors it considered in finding that Debtor's case had been filed in bad faith, we disagree with Debtor's contention that the $1.00 plan payment offer was the only factor the court considered and relied upon for its bad faith finding. However, it would not be reversible error if that was all the court had considered. See In re Mahmood, CC-16-1210-TaFC, 2017 WL 1032569, at *4. The court also found bad faith because Debtor's proposed plan had only a litigation objective, not one to reorganize, and the automatic stay had already been terminated to allow the parties' lien dispute to be resolved by the state court.

A petition in bankruptcy arising out of a two-party dispute does not per se constitute a bad-faith filing by the debtor. Id. But courts find bad faith based on two-party disputes where "'it

is an apparent two-party dispute that can be resolved outside of the Bankruptcy Court's jurisdiction.'" Sullivan v. Harnisch (In re Sullivan), 522 B.R. 604, 616 (9th Cir. BAP 2014) (quoting Oasis at Wild Horse Ranch, LLC v. Sholes (In re Oasis at Wild Horse Ranch, LLC), 2011 WL 4502102, at *10 (9th Cir. BAP Aug. 26, 2011) (citing N. Cent. Dev. Co. v. Landmark Capital Co. (In re Landmark Capital Co.), 27 B.R. 273, 279 (Bankr. D. Ariz. 1983))). See also, In re Silberkraus, 253 B.R. 890, 902-03 (Bankr. C.D. Cal. 2000) (bad faith may be found under § 1112(b) where the debtor has filed bankruptcy as a litigation tactic — e.g., forum shopping).

We see no clear error with the bankruptcy court's finding of bad faith based on Debtor's apparent improper litigation objective with his chapter 11 filing and proposed $1.00 plan. The record clearly evidences Debtor's intent to forum shop by invoking the automatic stay with the filing of his petition and attempting to have the bankruptcy court, rather than the state court, determine the extent and validity of U.S. Bank's lien. Those issues are purely state law issues easily resolved by the state court. This was Debtor's fourth successive bankruptcy filing in two years, which, based on its timing, was likely filed to impede U.S. Bank's settlement with the chapter 7 trustee and frustrate its efforts to reform the deeds of trust. It is apparent that Debtor's case had no reorganizational purpose.

We reject Debtor's argument that the bankruptcy court erred by citing to Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1445-46 (9th Cir. 1986), for the proposition that a debtor's plan is not filed in good faith if its purpose is to retain

-13-

property or not pay creditors in pursuit of a litigation objective. Debtor argues that because <u>Chinichian</u> involved a chapter 13 case, not a chapter 11 case, it has no relevance. We have observed that, because the provisions governing dismissal or conversion of chapter 13 and chapter 11 cases are similar, cases under one chapter often are helpful in resolving cases under the other chapter. <u>See</u> <u>Nelson v. Meyer (In re Nelson)</u>, 343 B.R. 671, 674-75 (9th Cir. BAP 2006). Thus, the court did not err by relying on <u>Chinichian</u>.

Other factors in the record further support the bankruptcy court's finding of bad faith. Debtor was current on his auto loan payments and had no unsecured debt due to his prior chapter 7 discharge. Debtor's proposed plan showed he had no interest in reorganizing the debt owed to U.S. Bank; he sought only to eliminate the bank's claim against the Property, which was the only asset of the estate. Ultimately, as the bankruptcy court repeatedly told Debtor, his current case served no legitimate bankruptcy purpose.

If a bankruptcy court determines that cause exists to convert or dismiss, it must also (1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate and (2) identify whether there are unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. § 1112(b)(1), (b)(2); <u>In re Sullivan</u>, 522 B.R. at 612.

The bankruptcy court determined that conversion served no purpose as there were no creditors to pay. We find no error in that determination. Debtor did not argue that any unusual

-14-

circumstances existed for the court to consider or raise that issue in his opening brief. Thus, he has waived that argument. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the [trial] court. Furthermore, on appeal, arguments not raised by a party in his opening brief are deemed waived."). In any event, none exist here. There is nothing unusual about a debtor trying to get a free house.

Finally, Debtor contends the bankruptcy court erred by dismissing his case when his appeal of the stay relief order was pending. This argument is now moot due to the dismissal of that appeal. Nonetheless, there was nothing improper about the court's decision to entertain a motion to dismiss while the appeal of the stay relief order was pending.[7]

### VI. CONCLUSION

We conclude that the bankruptcy court did not abuse its discretion in dismissing Debtor's chapter 11 case as a bad faith filing under § 1112(b). Accordingly, we AFFIRM.

---

[7] In conjunction with Debtor's opening brief, he filed a "declaration" which objects to the evidence U.S. Bank filed in support of its stay relief motion. We will not consider the declaration for two reasons. First, it is essentially an impermissible second opening brief, consisting almost entirely of argument and citations to authority. Second, the arguments pertain to issues involved in the dismissed appeal of the stay relief order and thus are not relevant to the issue before us.